Good morning, Your Honors. May it please the Court, Kenneth M. Stern for appellant. You've heard our discussion, the prior case. Yes, Your Honor, and I'm going to avoid- We group cases by subjects to provide economy of argument as a consistency result. I'm going to avoid- Go ahead. Yes, I'm going to avoid repeating what Ms. Buchanan said in a lot of respects. I can repeat the Solon case or the other states. What's different about your case as opposed to- Well, there are a few things here factually that are different, and I want to get into this cluff because I think that's a very important case. Here, my client always registered at Pomona where he lived with his sister. He stayed with his girlfriend a few nights a week in Ontario, and that's, I think, an important difference in this case is nobody was looking for my client. He happened to be visiting his girlfriend, and the girlfriend's teenage kid was doing some improper things, so the girlfriend called the police. The police came out. They started talking to my client. They found out he was a registered sex offender. He was not registered in Ontario. So this is not a situation where law enforcement could not find my client if they needed to. He had a place where he was living, and they could find him there if they needed to. Why do you say that? I don't understand why you say that. His address of record was Pomona, wasn't it? Yes, and the evidence was he was living there. That was his main residence, but he stayed a couple nights a week with his girlfriend. Okay, so if they went to Pomona and he's in one of his overnights, they would be able to find him, right? Well, they could find out where he was. Well, I mean, they can investigate, and, you know, they could send out Scotland Yard or whatever and try to find him, but the fact is he's not where he's supposed to be. Well, no registered sex offender is always going to be physically at his residence. Right, but he's not at his residence at night for days at a time. He's living with his girlfriend. Correct, and the California Court of Appeal noted they don't know which theory he was convicted of, whether it was a change of address or multiple addresses, but the California Court of Appeal stated that the stronger evidence was that he had multiple residences, and here's why I believe Clough is so important. First of all, let me get into a couple of distinctions that Clough is different from this case, which I believe are really not important for this Court's analysis. It's correct it was not an Eighth Amendment case, and also it's correct that in Clough they did not charge the defendant with failing to register a new address or multiple addresses. However, here is the critical finding in Clough that is important to this case and is to the benefit of my client, and of course Clough was cited in Gonzales with approval. Clough found the fact that the defendant in that case, he had a residence, but had moved from that residence to live with his sister. That was a technical administrative violation, and that's key to this case, whether or not my client's failing to register at the Ontario as well as the Pomona address is a technical administrative violation. Clough is very clear that even though Mr. Clough was living in a different place from where he was registered, that was a technical administrative offense. And I have problems sometimes with the whole notion of comity, because I find sometimes state courts make very wrong decisions at the appellate level, and then the federal law says, well, but still we have to give them comity for a lot of reasons. But you feel differently when comity works for you. Well, I think this is kind of reverse comity, where this court should give great emphasis to both Clough and Carmen. And Gonzales also, of course, is this court's decision. In terms of my client's criminal history, the offense for which he was required to register had occurred approximately 14 years earlier. So that's remote in time. He also, as in Ms. Buchanan's case, had some parole violations. But we don't know if these were serious or not. When did he have the parole violations? Refresh me. In my client's case, he did have a couple. Why not when? Excuse me? When did he have them? There were a couple within five years of him being arrested on the case in which he's before this court. But parole or probation violations, actually parole and probation violations, I think. But I think if these matters were that serious, they would have charged him with separate crimes. He did have an exposing himself violation, but that was also nine years earlier. And that can be a very broad thing. Let's talk kind of present time. When he was charged with this case, did he fail to appear? No, he never failed to appear as far as I know. He was cooperative. I have in my notes that while pending on the current trial, he failed to appear in a bench where he was issued for his arrest. I don't recall that. But that was apparently resolved. He came in, he stood trial, and he was there for his trial. Again, we don't know what it was, some technical mix-up or what it was. However, that would not belie the fact that this is a mere technical administrative violation. You know, my concern is, as far as the probation officer was concerned, he was living in Pomona. They found him in Ontario. Right. In Ontario, they found him living in a residence with young children. And I'm wondering, had he registered, if they would have even permitted that? If he was given the impression that he was, you know, living in a situation that was appropriate, when, in fact, he was, at least part of the time, in a residence where there was children, and that was the nature of his earlier crimes. Well, at the Pomona address, he was living with his nephew also. Right. So I don't believe that that was really the case. I don't know the age of these children, but it said with her children. So my impression was that they were younger than the nephew. It was, I believe it was one child. It was a teenage child. And, in fact, that's how the ---- ----- But we don't know what they would or would not have done in that situation. And that's maybe the problem, is you don't know, because he didn't provide the information that would have allowed them. They were deprived of the opportunity to make that choice by his failure to register. Well, that may be true, but that was never raised as an issue or a problem in the Superior Court. And, again, I don't think that negates it being a technical violation. I believe the courts are very clear if it's an administrative technical violation, then it's an Eighth Amendment violation. And the converse is if it's not a technical violation, then it's not. So we have to decide whether this particular one is or isn't. Is that what it comes down to? I think that is the key issue here. Even if it's not a mere technical administrative violation, it's still a de minimis violation, which would not justify this kind of a sentence, 25 years to life. I think we have your argument at hand. Do you want to reserve some for rebuttal? Yes, I do. Okay. Very good. Thank you. May it please the Court, I'm still Kevin Viano. Yes. You don't have to re-register your name. Thank you. There was a question about Mr. Richardson's criminal history. The probation report, which is not in the excerpts of record, but was lodged in the district court as lodgment number nine, shows on page one that he had suffered parole violations in 1988 and in 1990. I believe it shows that he was off parole, that he was discharged parole on March 31, 2000, a couple of years before these crimes occurred. So he was no longer under supervision. Correct. I think that's accurate, that he was no longer under the supervision of parole. Did I have the facts right, or did I have this confused with another case? Was this guy picked up on a bench warrant? No, you had that exactly right, Your Honor. He was arrested and released at the Ontario home and issued a notice to appear in court, and he failed to appear in court. The reference to that in the excerpts of record is in the court of appeal decision that says he failed to appear. That also is addressed in the probation report at page number two, his arrest, release, and failure to appear. So there are indications of difficulty, at least some difficulty, of keeping tabs on Mr. Richardson. But since his parole was expired, they didn't need to keep tabs on him except for registration purposes, right? I disagree with that at least slightly. The purpose we've discussed in some cases, we've discussed the purpose of the sex offender registration form, and that is that the police know where to go to find Mr. Richardson. So they should be able to find him at that address. But there are, I guess, what I would call related purposes. That is, the police want to know where Mr. Richardson is living. He'd been living, it appears, in the Ontario home off and on, depending on who you believe, mostly off or mostly on, for seven months. He admitted that he'd been there for seven months. A purpose of the registration statute is so the police, with the authority over the location in Ontario, know that he's there. Right. At what point would he be required to register if he's just staying over with his girlfriend? When he moves in his toothbrush or when he, you know? And she said he hadn't moved in his toothbrush. I mean, they actually asked him about that at trial, right? She said, well, he doesn't keep a toothbrush here. He brings his bag back and forth. Whether you believe that or not, I don't know. I don't believe that. I know, but that's what she said. But, I mean, just measuring these things, I mean, I guess part of a notice requirement is so people understand what they have to do. And I'm not sure I could discern if a client were asking me and our attorney, when do I have to register if I'm staying over at my girlfriend's house? I'm not sure I have a clear answer. What is your answer on behalf of the state? I think the tax courts deal with this all the time, where someone's residence is. I mean, it is a complex matter. This guy was getting mail there, wasn't he? Wasn't he getting mail addressed to him at this place? It wasn't just an away game he's playing. Yes, sir. He had clothing there. The girlfriend, before she got to trial and perhaps was aware of the significance, said that he had been living there for seven months. She said that seven months earlier when she got to trial. He said two days a week and no toothbrush. When he was arrested and booked, he listed his residence as the Ontario address and told the booking officer or the booking attendant that he'd been living there for seven months. The concept is residence. Where are you living? There's a possibility that you're living in more than two places. The distinction is visiting and living. Right. I mean, but I guess backing up, for somebody who's off parole, not reporting for probation officer, presumably not seeing an attorney on a regular basis, how do you know at what point you need to register the new place if you're living in two places because you're dating someone? I mean, I don't have a clear answer, but maybe the state does. The notice tells him that if he's living in two places, if there are two locations at which he's living, he's required to register at both. Now, whether he is living, residing in two places is a question of fact for the jury. I believe the state has struggled with Penal Code Section 290 for a decade or more. There have been a number of changes because what we see is legislative drafting is a difficult process, particularly difficult if you have people who are transient, and the state has tried to address those problems. And for Mr. Richardson, the state of the law was that he was advised if he had two residents, he was supposed to register at both. Still, the evidence in this case supported the theory, and I believe was certainly the stronger of the theories, that he had moved to the Ontario resident where he was known as dad to the children. Judge Thomas is correct, though. If he had just been on vacation or something, the jury wouldn't have found him guilty. They should not have found him guilty, yes. He's got to be living there, not visiting, not temporarily there. He has to be living, residing. Now, if we take out the three-strife sentence, how much time is Mr. Richardson facing? Same as Mr. Mack? Same circumstance, I believe, Your Honor, and also probably done with his sentence by this Court. Okay. If I could, I'd like to close with two points, if I may. The first is that in Gonzales, this Court noted, I think seemingly with approval, the two different circumstances that California faced with people who failed to register. One circumstance is Carmody, where the person is where he is supposed to be. The other circumstance is People v. Meeks, where the person is not. That's the distinction that matters. And Clough is different, whether I agree with it or not. I focused narrowly on the crime for which Mr. Clough was convicted. The Court of Appeal at page 994 said, This involves the most technical violation. Mr. Clough was at the same address. That's not the circumstance here. Mr. Richardson was residing in Ontario. The State Court reasonably found that his behavior violated the purpose of the Registration Act, and we ask this Court to affirm. Thank you. Thank you. You've got about a minute left for rebuttal. Your Honors, a few years ago, my father became ill, and I had to move in with him for a bit. So I would spend most of my time when I wasn't working at his home. I'd spend some time at my home, and then a couple nights a week, I'd spend the evening after I made sure my father was taken care of at my girlfriend's home. During that period of time, if you asked me where I lived, I would have to tell you, I don't have a clue. I lived in three places, and I lived in no places. The problem with that is the jury has already resolved that issue against you. They found that he has another address. Okay. I mean, we're sort of past that, aren't we? Well, I'm not here contending my client didn't violate the statute. He did. I mean, I have some questions whether he did or didn't, but the jury has found him guilty on that. We can't go back and revisit that issue. Right. The only question is whether or not, given all the facts, it's a technical violation or not. The sentence is disproportionate to this situation. And with that, I would thank you. Thank you both for your arguments. Interesting cases, and we will be in recess for the morning.
judges: Beistline, Thomas, Silverman